VARNER *v.* COUNTY BOARD OF EDUCATION, MILLER COUNTY.

4-9681                                               245 S. W. 2d 561

Opinion delivered February 4, 1952.

*Preston E. Dowd* and *Lookadoo & Lookadoo,* for appellant.

*Shaver, Stewart & Jones,* for appellee.

ROBINSON, J. Acting on a petition purportedly signed by a majority of the qualified electors of North Heights School District No. 2 of Miller County, the County Board of Education consolidated the District with Texarkana Special School District No. 7. An appeal from the order of consolidation was taken to the Circuit Court, where, after a hearing, the order of consolidation was affirmed. Those contesting the consolidation have appealed to this Court.

Two questions are presented. First, should 78 names through which a line had been drawn, and which appeared on the petition to consolidate, be counted? Next, were appellants' rights prejudiced by reason of the fact that A. P. Cox is a member of the School Board of District No. 2 and is, also, Chairman of the County Board of Education, and presided at the meeting of the Board when consolidation was effected?

If the 78 names in question should be counted, then, according to the undisputed evidence, the petition contains signatures of the requisite number of qualified

954

electors. At some time between filing of the petition for consolidation with the County Board of Education and the hearing in Circuit Court, a line was drawn through 78 signatures on the petition. Just why this was done is somewhat of a mystery. There is no showing that the signatures are not genuine, nor that the signers had asked that their names be stricken from the petition, nor that any of them are not qualified electors of the District. The contestants, appellants, filed a motion asking the trial court to strike from the petition to consolidate all the names that had a line drawn through the signatures. After a hearing, the motion was overruled by the court. Contestants, by their attorney, then asked permission to amend their motion so as to specifically challenge the individual signers who had a line drawn through their names. The court granted permission to amend the motion as requested. Then, the request to amend was withdrawn. In passing on the motion to strike the signatures through which a line had been drawn, the trial court correctly held that the question before the court was whether a majority of the qualified electors in the District had signed the petition. The mere fact that some member of the Board, or other person, may have drawn a line through a person's name does not disqualify that person. If a petition signed by a majority of the qualified electors of a School District asking for consolidation could be so easily nullified by somebody merely drawing a line through some of the signatures, it is doubtful that there ever would be a consolidation.

A. P. Cox is Chairman of the County Board of Education and is, also, a member of the School Board of District No. 2; furthermore, he signed the petition to consolidate. Appellants contend that Cox was disqualified in his capacity as Chairman of the County Board by reason of being a member of the Board of District No. 2 and having signed the petition to consolidate. We fail to see how this would in any manner prejudice the contestants' cause in Circuit Court whence comes this appeal.

Appellees have raised the question of whether the law, applicable to the bond for appeal from the County Board of Education to the Circuit Court, was complied with, but, since we are affirming the action of the Circuit Court in sustaining the consolidation, it is not necessary to pass on the question of the bond.

Affirmed.